```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re

LEHMAN BROTHERS HOLDINGS INC., et al.,

                Debtors.

------------------------------------X
KA KIN WONG, SIU LUI CHENG, TIM CHOY
FUNG, LIN TEI TSE, SAU KING TSE, LAI
KUEN CHAN, FUK SHING WONG, SIU KWAN        MEMORANDUM AND ORDER
WONG, YEE MING SHEN, YUEN FUN TANG,
                                            11 Civ. 2721 (NRB)
                Appellants,

         - against -

HSBC BANK USA, NATIONAL ASSOCIATION,
LEHMAN BROTHERS SPECIAL FINANCING INC.,
LEHMAN BROTHERS HOLDINGS INC., and BNY
CORPORATE TRUSTEE SERVICES LIMITED,

                Appellees.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Appellants Ka Kin Wong, Siu Lui Ching, Tim Choy Fung, Lin Tei Tse, Sau King Tse, Lai Kuen Chan, Fuk Shing Wong, Siu Kwan Wong, Yee Ming Shen, and Yuen Fun Tang appeal from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), entered on March 3, 2011, which sets forth alternative dispute resolution procedures for disputes relating to certain derivative transactions (the "ADR Order"). Lehman Brothers Special Financing Inc. ("LBSF") joins

Lehman Brothers Holdings Inc. ("LBHI" and, together with LBSF, "Lehman") in opposing the appeal.

For the reasons stated herein, we grant Lehman's motion to dismiss the appeal and decline to address appellants' arguments on the merits.

## BACKGROUND[1]

Appellants are a subset of investors who own, or owned and maintain beneficial interests in, collateralized notes referred to as "Minibonds" that were issued by Pacific International Finance Limited ("Pacific Finance"), a special purpose vehicle ("SPV"). In connection with the issuance of the Minibonds, Pacific Finance entered into a swap agreement with LBSF. Pacific Finance used the proceeds of the Minibonds sales to purchase collateral (the "Saphir Notes"), which secured Pacific Finance's obligation to pay LBSF and the Minibonds noteholders. HSBC Bank USA, National Association ("HSBC") holds the Saphir Notes in trust.

LBHI provided the credit necessary to support the Minibonds program, and its insolvency in 2008 triggered a default event, making the Saphir Notes redeemable. LBHI voluntarily filed for bankruptcy on September 15, 2008, but HSBC neither liquidated

---

[1] Unless otherwise noted, the facts below are drawn from Lehman's Motion to Dismiss Appeal and the exhibits thereto, appellants' Opposition to Motion to Dismiss Appeal and the exhibits thereto, and Lehman's Reply Brief in Support of Their Motion and the exhibits thereto.

nor distributed the Saphir Notes. LBSF filed for bankruptcy eighteen days later, on October 3, 2008.

Appellants filed suit in the Bankruptcy Court on March 12, 2009, alleging that LBSF had prevented the liquidation of the Saphir Notes. The Bankruptcy Court dismissed the complaint on the grounds that the appellants lacked standing to sue LBSF directly, but after an appeal the appellants were permitted to amend their complaint to allege derivative claims. Lehman's motion to dismiss the amended complaint is pending.

On January 25, 2010, in a separate adversary proceeding, the Bankruptcy Court issued an order (the "Ipso Facto Order") holding that provisions in swap agreements that would alter LBSF's payment priority based on LBHI's bankruptcy are barred by the ipso facto protections of Sections 365(e)(1) and 541(c)(1)(B) of the Bankruptcy Code. See Lehman Bros. Special Fin., Inc. v. BNY Corp. Trustee Servs. Ltd. (In re Lehman Bros. Holdings, Inc.), 422 B.R. 407, 418-20 (Bankr. S.D.N.Y. 2010). BNY Corporate Trustee Services Limited ("BNY") moved for leave to appeal the order, which was granted by District Court Judge Colleen McMahon on September 23, 2010. LBSF and BNY, however, settled the dispute at the end of 2010, before a district court had made any determinations on the merits of the order.

LBSF moved for entry of the ADR Order in the main Lehman bankruptcy proceeding on November 24, 2010. The omnibus order

establishes procedures for non-binding mediation of disputes involving SPVs and pertains to a number of adversary proceedings in the Lehman bankruptcy. Although the order requires SPVs to participate in mediation, it does not require any party to enter into a settlement, nor does it preclude settlement outside of the provided procedures.

Objections to the motion for the ADR Order were to be filed "seven (7) calendar days before the applicable hearing date or . . . [by] any date and time otherwise ordered by the Court." Second Am. Order Implementing Certain Notice & Case Management Procedures, In re Lehman Bros. Holdings Inc., No. 08-13555, docket no. 9635, at ¶ 32 (Bankr. S.D.N.Y. June 17, 2010). LBSF noticed the motion hearing for December 15, 2010, and a number of objections were filed on December 8, 2010, though appellants were not among the objectors. Five days later, the hearing was adjourned to January 13, 2011. Appellants objected to the motion on January 6, 2011, requesting exemption from the order for all claims pertaining to the Minibonds transactions. The Bankruptcy Court overruled the objection as untimely and entered the ADR Order on March 3, 2011. On April 21, 2011, appellants appealed the order to this Court, without moving for leave to appeal.

While the ADR Order was being litigated below, LBSF was also working toward a settlement with the SPVs and trustees, including Pacific Finance and HSBC, involved with the Minibonds

4

transactions (the "Settlement"). The trustees had made no distributions to either the Minibonds noteholders or LBSF since the initiation of the Lehman bankruptcy proceedings, and the Settlement provided that the noteholders would receive 70% of their principal at minimum. The Settlement required approval of a supermajority of the Minibonds holders who voted on it, and in May 2011 the noteholders voted overwhelmingly in favor of the Settlement.

## DISCUSSION

Appeals from a bankruptcy court to a district court are governed by 28 U.S.C. § 158(a). That section provides, in relevant part, that district courts "shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; . . . and (3) with leave of the court, from other interlocutory orders and decrees." This Court does not have jurisdiction to hear the appeal of the ADR Order.

**I.   The ADR Order Is Not a Final Order**

Under the "flexible" approach to determining finality in bankruptcy cases, an appellant may appeal as of right if the order appealed from is one that "finally dispose[s] of discrete disputes within the larger case," where a "dispute" is "at least an entire claim on which relief may be granted." Shimer v. Fugazy (In re Fugazy Express, Inc.), 982 F.2d 769, 775-76 (2d Cir. 1992) (internal quotation marks and alterations omitted).

If an order does not "completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief," it is not final. Id. at 776; accord Flor v. BOT Fin. Corp. (In re Flor), 79 F.3d 281, 283 (2d Cir. 1996).

By its terms, the ADR Order simply does not have an effect on any proceedings that can be deemed "final." Although participation with the dispute resolution procedures contained in the order is mandatory for parties to adversary proceedings involving SPVs, "no party is required to settle or compromise" their dispute. ADR Order, In re Lehman Brothers Holdings Inc., No. 08-13555, docket no. 14789, at ¶ 5(a) (Bankr. S.D.N.Y. Mar. 3, 2011). The order specifically provides that "[n]o rights, remedies, claims or defenses" of any noteholder "shall be impaired, waived or compromised in any further proceedings in these cases should no settlement or compromise result from participation" in the alternative dispute resolution process. Id. at ¶ 5(e).

The ADR Order is thus wholly procedural, establishing the rules by which non-binding mediation is to be governed, but itself resolving no claims and nowhere obligating any party to settle its claims. Thus, the sine qua non of a final order is absent. See Shimer, 982 F.2d at 776; see also In re Adelphia Commc'ns Corp., 333 B.R. 649, 659-60 (S.D.N.Y. 2005) (holding that an order that "direct[s] the parties to engage in or

6

participate in further proceedings and do[es] not resolve any substantive issue" is not final); XO Commc'ns, Inc. v. Start Invs., Inc. (In re XO Commc'ns, Inc.), No. 03 Civ. 1898, 2004 U.S. Dist. LEXIS 2879, at *13 (S.D.N.Y. Feb. 25, 2004) ("[A]n order staying an action and directing arbitration . . . is interlocutory and unappealable.").

## II. Interlocutory Appeal of the ADR Order Is Not Appropriate

The propriety of granting leave to appeal non-final bankruptcy court orders is gauged by the same standards used in other interlocutory appeals.[2] See XO Commc'ns, 2004 U.S. Dist. LEXIS 2879, at *7; see also 28 U.S.C. § 158(c)(2). Such appeals are acceptable only when the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion" and when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Appellants fail to satisfy these standards. "A 'controlling question of law' is one where 'either (1) reversal of the bankruptcy court's order would terminate the action, or (2) determination of the issue on appeal would materially affect the outcome of the litigation.'" Alfa, S.A.B. de C.V. v. Enron Creditors Recovery Corp. (In re Enron Creditors Recovery Corp.),

---

[2] Appellants did not file a motion for leave to appeal as required by Federal Rule of Bankruptcy Procedure 8001(b). The Court nevertheless considers their notice of appeal as such a motion. See Fed. R. Bankr. P. 8003(c).

No. 03-92677, 2009 U.S. Dist. LEXIS 98611, at *31 (S.D.N.Y. Oct. 16, 2009) (quoting Alexander v. Bank of Woodstock (In re Alexander), 248 B.R. 478, 483 (S.D.N.Y. 2000)). But the instant appeal hinders, rather than advances, the termination of the litigation, and the issue appealed has no impact on the merits of any proceeding.

If, counterfactually, appellants were to succeed on this appeal and the ADR Order was vacated, the parties would have one fewer mechanism by which to engage in settlement discussions. Disrupting the settlement process, which narrows the field of issues remaining before the Bankruptcy Court, is antithetical to advancing the termination of the litigation. Moreover, as discussed above, the ADR Order is simply procedural in nature, so its reversal could not affect the outcome of any litigation.

Even if the ADR Order did have some substantive effect, it applies only to a subset of the adversary actions in the Lehman bankruptcy. Irrespective of how any disputes pertaining to the ADR Order are resolved, the non-SPV adversary proceedings will continue without even a slight shift in course. The appeal would thus fail to materially advance the termination of the litigation or otherwise affect its outcome. See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld, LLP (In re Coudert Bros. LLP), 447 B.R. 706, 712 (S.D.N.Y. 2011) (finding that, because at least four adversary proceedings stemming from

8

the underlying bankruptcy would be unaffected by the appeal, it would not materially affect the litigation's outcome).

The instant appeal thus neither implicates a controlling question of law nor materially advances the termination of the litigation. It would therefore be improper to grant a motion for leave to appeal the interlocutory ADR Order.

Moreover, interlocutory appeal is not a path this Court embarks upon lightly. Courts in this district require the presence of "exceptional circumstances" before granting a motion for leave to appeal. E.g., Flor, 79 F.3d at 284 (quoting Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990)); Enron Corp. v. JP Morgan Sec., Inc. (In re Enron Corp.), No. 03-92677, 2008 U.S. Dist. LEXIS 7340, at *10 (S.D.N.Y. Jan. 25, 2008) (quoting In re Worldcom, Inc., No. 02-13533, 2003 U.S. Dist. LEXIS 11160, at *29 (S.D.N.Y. June 30, 2003)). No such circumstances are present here. The complex nature of the underlying transactions and the identities and relationships of the parties do not change the fact that this is, at bottom, an appeal of a commonplace order directing non-binding mediation, well within a court's power to issue. See Bankr. S.D.N.Y. General Order M-390, In re Adoption of Procedures Governing Mediation of Matters ¶ 1.1 (Dec. 1, 2009).

At best, appellants argue that the ADR Order should be vacated because, absent vacatur, Lehman might be able to settle

9

certain SPV adversary disputes with the leverage provided by a wholly separate order. To be clear, that order -- the Ipso Facto Order -- is no longer subject to a pending appeal and is not properly before this Court on this appeal from the ADR Order.[3] Thus, appellants ask us to review a non-final order for the purpose of preventing possible settlements that may be influenced by an issue which is not pending on appeal.

    Clearly, to state the basis of the appeal is to reject it.

---

[3] Appellants' argument that Judge McMahon's grant of an interlocutory appeal of the Ipso Facto Order demonstrates that a similar appeal should be granted for the ADR Order is baseless. The parties in that appeal did not contest whether a controlling question of law was at issue, see BNY Corp. Trustee Servs. Ltd., No. 09-1242, docket no. 130, slip op. at 11 (Sept. 20, 2010), and the appealed order was a grant of summary judgment, not the procedural order before us.

Case 1:11-cv-02721-NRB Document 15 Filed 10/26/11 Page 11 of 12

## CONCLUSION

For the foregoing reasons, the motion to dismiss the appeal (docket no. 11) is granted.

Dated: New York, New York
       October 26, 2011

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorneys for Appellants**
Jason C. Davis
Luke O. Brooks
Matthew S Melamed
Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104

Samuel H. Rudman
David A. Rosenfeld
Robbins Geller Rudman & Dowd LLP
58 South Service Road, Suite 200
Melville, NY 11747

Spencer A. Burkholz
Darryl J. Alvarado
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

John H. Genovese
Paul J. Battista
David C. Cimo
Robert F. Elgidely
Genovese Joblove & Battista, P.A.
Bank of America Tower, 44th Floor
100 Southeast Second Street
Miami, FL 33131

**Attorney for Appellees**
Richard W. Slack
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153